Curia, per

O’Neall, J.
There is no doubt that extrinsic evidence may be received to distinguish the subject of a devise, when, from the words used, there is such a description given as can by parol be rendered certain. But this does not intend that the grantor and grantee shall be allowed to give construction to the words used. If the grantor had been in the habit of calling, as he did, the land, “ the Barney Livingston old place,” and he had so described it in the deed, then, evidence would have been clearly admissible to shew what, and how much, land he had so designated. But his declarations that he intended to convey to such a line, when his deed will not warrant such a construction, are plainly inadmissible, on the ground that parol cannot contradict a written instrument. The defendant has, however, no cause to complain. He was allowed to prove by his witness, Knox, without objection, that the grantor, Watson, told him, when he was about to draw the deed, that he intended to convey “ Barney’s old place that “ it was bounded by the lines of Mrs. Gunter’s landthat he “ had nothing to do with Mrs. Gunter’s land and that “ Watson gave boundaries,” (those set down in the deed,) which, in the opinion of the witness, did not cover the land in dispute. It was the answer to the 6th *130 interrogatory which was excluded. It is as follows : “ it was my understanding, from what passed between Watson and Senterfit at the time the deed was drawn, that no part of the land which Barney Livingston had conveyed to his daughter, Mrs. Gunter, was included in the purchase by Senterfit, the plaintiff, of Artemas Watson.” This answer was accompanied by a plat, drawn by the witness, to correspond with his understanding. That this testimony was incompetent, is too plain to need more than to be stated. The location of Barney Livingston’s deed to Naomi Gunter, was one of the questions of fact. The description and proof renders that so uncertain, that the court cannot undertake to disturb the verdict, especially when it does not conclude any right which she may have. The defendant does not claim under her. Whether the deed from Watson to the plaintiff covered the land in dispute, was a question of fact, turning upon conflicting and very doubtful testimony ; there is nothing, therefore, which can be pointed out as error in the verdict in this respect.
The motion is dismissed.
Richardson, Evans, Wardlaw and Frost, JJ. concurred.
Butler, J. absent at the argument.